

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

November 1, 2022

**Via ECF**
The Honorable Judge Sarah Netburn
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re: **Bruno, et al. v. Cory Realty Inc., et al.**
        **21-CV-6391 (SN)**

Dear Judge Netburn:

Our office represents Aureliano Bruno, Juan Bruno, Ignacio Cesario, and Victorino Guzman (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Cory Realty, Inc. d/b/a Devin's Fish and Chips[1], Debra Salichs, and Anthony Robinson (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following two separate Court-annexed mediation sessions and continued negotiations between the parties thereafter.[2]

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement. Additionally, the parties sincerely apologize to the Court for the delay in filing the instant motion and thank the Court for its patience.

### I. The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action for the global amount of $45,000.00, including Plaintiffs' counsel's fees (which are addressed below).

---

[1] Defendants dispute that Cory Realty Inc. is a proper defendant in this action.
[2] The terms of the Settlement Agreement have been agreed to by all parties. The parties are in the process of obtaining all client signatures. The parties can supplement the instant motion with a fully-executed copy as soon as practicable and, in any event, no later than one week from this filing.

### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, as former employees of Defendants, that they were: i) not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week; ii) paid hourly rates of pay below the applicable New York State minimum wage rates; and iii) were not paid an additional hour of pay when required to work in excess of 10 hours per day in violation of NYLL's spread of hours provision.

Plaintiffs were employed at Devin's Fish and Chips, located at 747 Saint Nicholas Avenue, New York, New York 10031 as dish washers, food preparers, fish cleaners, cooks and busboys. Plaintiffs were employed for varying periods of time, from approximately nine months to approximately two-and-a-half years within the period of 2017 through 2021.

All Plaintiffs alleged that they were paid hourly rates of pay between $11.50 per hour and $12.50 per hour and that such hourly rates, at all times during their employment periods, fell below the applicable minimum wage rate. Further, Plaintiffs alleged that regularly worked approximately sixty-nine (69) to seventy-one (71) hours per week, but that they were compensated at the same regularly hourly rate of pay for all hours worked, including those hours in excess of 40 hours per week, in violation of the FLSA and NYLL overtime provisions. Lastly, each Plaintiff alleged that he worked approximately six shifts per week in excess of 10 hours, but was not compensated at an additional hour at the applicable minimum wage rate in violation of the NYLL spread of hours provision.

Finally, Plaintiffs alleged that they were compensated entirely in cash and thus entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

In total, Plaintiffs alleged approximately $160,000.00 in unpaid wages.

Although Plaintiffs were confident that they could prevail on all of their claims at trial, Plaintiffs' decision to resolve this matter based on the agreed-upon terms was a practical decision. In advance of the mediation, Defendants provided financial documentation and information that raised serious concerns about Defendants' ability to pay a larger settlement, whether Plaintiffs would have realized any actual recovery even if they had prevailed at trial and obtained a significantly larger judgment, and whether Defendants could file for bankruptcy prior to a trial. Further, both mediation sessions focused on Defendants' ability to pay and Plaintiffs were given the opportunity to ask Defendants about their assets and other financial considerations in order to satisfy their concerns. Additionally, Defendants provided information pertaining to a pending foreclosure lawsuit on the one identifiable asset owned by Defendants. Plaintiffs also acknowledged both the factual disputes over the number of hours worked each week as well as whether Defendants Cory Realty Inc. and Anthony Robinson were proper parties to this lawsuit.

Given the attendant risks of non-recovery due to the financial issues raised, Plaintiffs made a prudent decision to accept the maximum settlement amount that Defendants could reasonably pay. Although Plaintiffs could have likely obtained a much greater judgment on paper at trial, Plaintiffs' preference was for a guaranteed outcome ensuring an actual recovery of funds secured by confessions of judgment.

c. **Defendants' Position**

Defendants dispute the validity of Plaintiffs' claims, especially regarding their purported damages, including the number of hours worked and compensation received. However, Defendants agree with Plaintiffs insofar as this settlement was reached after numerous arm's length mediation and follow-up negotiation sessions and a fulsome production of Defendants' financial records which showed a likelihood, rather than a possibility, of default or bankruptcy should this case proceed. Moreover, the only semi-solvent Defendant in the case, Cory Realty, Inc., owns the property and building that the restaurant leases, but has nothing to do with ownership or control of the restaurant and is thus an improperly named Defendant. Similarly, Defendant Anthony Robinson had no control, ownership or involvement in the business. Should this case have progressed to trial, Defendants were confident that Cory Realty, Inc. and Mr. Robinson would be dismissed from all liability. Moreover, Mr. Robinson is in failing health and a trial would not has been in his best medical interests.

Defendants believe this outcome is in the best interests of all parties.

d. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $45,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses raised by Defendants and the serious risks of non-recovery by Plaintiffs due to the issues addressed above. Moreover, the settlement amount was only achieved after multiple mediation sessions before a qualified and experienced Court-certified mediator with all parties present. The parties had genuine, bona fide factual disputes, but negotiated in good faith to resolve these disputes with a fair, reasonable and realistic settlement amount.

II. **The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court

has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement is appropriately-tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.    Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $45,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $29,604.00 after the requested attorneys' fees and reimbursement of expenses. Each Plaintiff will receive an amount proportional to his damages claim, which accounts for the dates of his employment, the alleged hours worked per week, and the alleged pay rate(s) that he received during his employment. These amounts are identified in Exhibit A of the Settlement Agreement.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $594.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of multiple attempted service and actual service of the Summons and Complaint on all Defendants: $192.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($44,406.00) or $14,802.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $15,396.00.

**Settlement Amount:** $45,000.00
**Attorneys' Expenses:** $594.00
**Net Settlement Amount:** $44,406.00 ($45,000.00 - $594.00)
**Requested Attorneys' Fees:** $14,802.00 ($44,406.00 / 3)

**Total payable to Attorneys:** $15,396.00 ($14,802.00 + $594.00)
**Total payable to Plaintiffs:** $29,604.00 ($45,000.00 - $15,396.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Plaintiffs' counsel has advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV. <u>Closing</u>

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.